UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jose Antonio-Rodriguez,

      Plaintiff,

vs.                        REPORT AND RECOMMENDATION

Six Unknown Named Agents,

      Defendants.           Civ. No. 06-2244 (DSD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a review of the cases pending before this Court.

This action was originally filed in the United States District Court for the Eastern District of California, but was recently transferred to this District. The Order transferring the case expressly noted that no filing fee had been paid, and that no Application to proceed in forma pauperis, ("IFP") had been filed.

By Order dated June 12, 2006, we advised the Plaintiff that, before this action could proceed any further, either a filing fee would have to be paid, or an IFP

application would have to be filed.  We forewarned the Plaintiff that his failure to pay the filing fee, or to file and IFP application, within ten (10) days after the date of that Order, would result in our recommendation that his Petition be summarily dismissed without prejudice, pursuant to Rule 41(b), Federal Rules of Civil Procedure for failure to prosecute.  See, Docket No. 5.

The deadline for satisfying the requirement of this Court's prior Order expired nearly nine (9) weeks ago, and the Plaintiff has failed to comply with our prior Order.[1] Therefore, based on the Plaintiff's failure to comply with our Order of June 12, 2006, and his failure to prosecute this action, we recommend that his Complaint be summarily dismissed, without prejudice, see Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)(recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

NOW, THEREFORE, It is --

---

[1]We note that our Order, which was mailed to the Plaintiff, was returned as "undeliverable" to the Clerk of Court, and we are advised that the address given by the Plaintiff was unknown.  See, Docket No. 6.

RECOMMENDED:

That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order dated June 12, 2006, and for failure to prosecute.

Dated: August 24, 2006
                               *s/Raymond L. Erickson*
                               Raymond L. Erickson
                               CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 11, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than September 11, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.